UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DRESSER-RAND COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-184 |
| | § | |
| SCHUTTE & KOERTING ACQUISITION | § | |
| COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

This is a civil action in which, the Dresser-Rand Company (the "Plaintiff" or "Dresser-Rand") seeks injunctive and monetary relief for, among other causes of action, common-law trade secret misappropriation by defendant Schutte & Koerting Acquisition Company ("S&K").[1] Before the court is S&K's motion for partial summary judgment. Dkt. 33. After a review of the motion, the response, the reply, the exhibits, and the applicable law, the court finds that the motion is premature and should be denied. The motion is therefore DENIED WITHOUT PREJUDICE.

## I. Procedural Background

On January 19, 2012, Dresser-Rand filed an *ex parte* application for a temporary restraining order, which the court granted. Dkt. 3. The court held an oral hearing on January 26 and 27, 2012 to determine if a preliminary injunction would be proper. Dkt. 5 & 6. After taking evidence and hearing the arguments of the parties, the court determined that some injunctive relief was appropriate and issued a preliminary injunction on January 30, 2012, ordering individual defendants Kanaksinh Ashar and Anthony Jardine to return all Dresser-Rand materials and to refrain from using Dresser-Rand trade secrets going forward. Dkt. 9. Additionally, the court ordered S&K to remove the

---

[1] Plaintiff also named other S&K entities as defendants but these companies no longer exist. Dkt. 16.

allegedly infringing brochure from its website pending an outcome on the merits.  *Id.*  On February 13, 2012, the court issued a memorandum opinion in support of its order granting, in part, Dresser-Rand's motion for a preliminary injunction.  Dkt. 16.   On April 18, 2012, the court issued a protective order.  Dkt. 30.  S&K filed a motion for partial summary judgment on April 30, 2012.  Dkt. 33.  On May 21, 2012, Dresser-Rand responded opposing summary judgment.  Dkt. 37 & 38.  On June 06, 2012, S&K replied in support of its motion for partial summary judgment.  Dkt. 39.  Now the court issues its memorandum opinion and order denying summary judgment.

## II. Factual Background

In 1919, the Gimpel Corporation ("Gimpel") was founded, according to S&K's current President, Michael Pintozzi, as a machine shop. But in the 1940s an S&K engineer named Keller left S&K with drawings, went to Gimpel, and helped Gimpel develop its own trip and throttle valves. Later, in the 1970s and 1980s, Gimpel became one of the leading companies in the valve market with the introduction of the Gimpel Oil Operated Inverted Trip Throttle Valve ("Gimpel Valve" or "Gimpel OOTTV").[2]  Tyco International Limited ("Tyco") bought Gimpel and the Gimpel valve technology in the 1990s. Dresser-Rand acquired the Gimpel Valve assets from Tyco in 2007.

Kanaksinh Ashar was Dresser-Rand's principal engineer for the Gimpel Valve unit.  He oversaw all aspects of the order process, including redesigning the valves to suit each customer's needs.  One of Ashar's co-workers, Anthony Jardine, oversaw the draftsmen and designers and ensured the specifications were correct in the shop drawings.  Both Ashar and Jardine signed an "Employment Agreement Relating to Intellectual Property," which required them to return all documents and materials belonging to Dresser-Rand and not disclose any secret or confidential

---

[2] An OOTTV is a specialty safety valve used in turbines for the electric power generation industry, and it  operates by shutting down the turbine in case of the occurrence of one of many types of dangerous conditions.

information obtained as a result of their employment, to any unauthorized person.  Dkt. 16.

In January 2011, Ashar left Dresser-Rand and began work at S&K on January 31, 2011 as the manager of engineering to updates S&K's valve.  Before he resigned from Dresser-Rand, Ashar downloaded a significant number of files in December 2010.  *Id.*  These files contained myriad documents, among which were the manufacturing drawings, bills of material, calculations, test data, and engineering specifications for the Gimpel Valve.  *Id.*  Shortly thereafter, Jardine gave two weeks notice of his own departure and went to work for S&K.

According to his affidavit, Ashar downloaded all of Dresser-Rand's material onto several flash drives, but he never uploaded those files to S&K computers or servers.  *Id.*  Ashar testified that the only time he used the data taken from Dresser-Rand in his work at S&K was when he checked the final design.  *Id.*  If he had a question about a design issue, he would open the files and check the reference.  *Id.*  Jardine did not testify at the preliminary injunction hearing, and there is no evidence in the record that he used or even accessed the files he took from Dresser-Rand.  *Id.*

S&K moves for partial summary judgment asserting that plaintiff cannot identify one or more of its trade secrets in its commercial OOTTV products.  Dkt. 33.  Plaintiff responded contending that the motion for partial summary judgment is premature because additional time for discovery is needed under Fed. R. Civ. P. 56(d).  Dkt. 37 & 38.  The matter is now ripe for adjudication.

## III. ANALYSIS

### 1. Standard of Review

Under Rule 56, a timely motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  The moving party bears the initial burden of informing the court of all evidence

demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(per curiam)). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Celotex*, 477 U.S. at 322.

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, the nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart,* 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)(quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

4

## 2. Application of Law to Facts

Dresser-Rand's assertion that the motion for summary judgment is premature absent further discovery is, in effect, a motion under Rule 56(d), which grants the court discretion to defer considering or to deny a motion for summary judgment and permit additional time for discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). Motions under Rule 56(d) are generally favored and should be liberally granted. *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)(addressing prior Rule 56(f)). However, the plaintiff may not obtain such a deferral of a motion for summary judgment by the mere assertion that discovery is not yet complete, but must show how the additional discovery will establish a genuine issue of material fact. *Leatherman v. Tarrant Cnty.*, 28 F.3d 1388, 1396 (5th Cir. 1994); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990); *see also Maudlin v. Fiesta Mart*, 114 F.3d 1184, at *2 (5th Cir. 1997).

On April 18, 2012, the court issued a protective order in this action. Dkt. 30. Less than two weeks later, defendant filed a summary judgment motion on April 30, 2012. Dkt. 33. In its declaration, Dresser-Rand's attorney identifies further information that she believes would be obtained through discovery and has indicated how such information would create a dispute of material fact in this case. Dkt. 37-1. In addition to seeking inspection of the flash drives and hard drives used by Ashar and Jardine, Dresser-Rand would like to inspect the valve, including the internal parts and prototypes. *Id.* This would allow Dresser-Rand to identify, which, if any, of its trade secrets were used by S&K. Two weeks is not enough time to conduct any meaningful discovery. Thus, the plaintiff's request to deny the motion for partial summary judgment pending further discovery will be interpreted as a motion pursuant to Rule 56(d) and will be granted.

5

Lastly, the parties make various allegations regarding each other's conduct during discovery in the motion, response, and reply.  The core dispute relates to the inspection of the valve, i.e. who gets to view what, within the valve.  Dkt. 38 at 10.  If the parties cannot agree on a discovery protocol subject to the protective order within 30 days of this order, they should contact Magistrate Judge Johnson, who will adjudicate the parties' discovery dispute.

## IV. Conclusion

After reviewing S&K's motion for partial summary judgment (Dkt. 33), the response, the reply, and the applicable law, the motion is denied, as premature pursuant to Rule 56(d), without prejudice to refiling after further discovery.

It is so ORDERED.

Signed at Houston, Texas on August 1, 2012.

_____
Gray H. Miller
United States District Judge