IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DRESSER-RAND COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-12-184 |
| | § | |
| SCHUTTE & KOERTING | § | |
| ACQUISITION COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ON IN CAMERA INSPECTION</u>

Pending before the court is a dispute concerning whether Plaintiff's voluntary production of certain documents to the United States in an effort to instigate a criminal investigation waived its work product privilege for those documents. The court concludes that it does.

On January 7, 2012, Plaintiff Dresser-Rand Company ("Dresser-Rand") filed this lawsuit against a competitor, Schutte & Koerting, Inc., ("S&K") and two of Dresser-Rand's former employees alleging that the employees had misappropriated trade secrets and other confidential information, breached contracts and fiduciary duties and committed other state-law torts when they accessed and downloaded Dresser-Rand files before commencing their employment with S&K. The complaint stated that within months of hiring Dresser-Rand's former employees, S&K offered for sale a oil-operated trip throttle valve that directly competed with Dresser-Rand's Gimpel valve.

Armed with evidence that its former employees, Defendants

Kanaksinh Ashar and Anthony Jardine, had downloaded confidential and proprietary information in the last weeks of their employment, Dresser-Rand approached the U.S. Attorney's Office in late 2012 or early 2013 in an attempt to have that office initiate a criminal prosecution of those individuals. Dresser-Rand's attorneys voluntarily turned over a forensic expert's report to the federal prosecutors.

Dresser-Rand now seeks to withhold from discovery the expert's report and correspondence between itself and the prosecutors on the grounds of joint prosecution privilege.

Generally, the work product privilege provides qualified protection of documents and other items prepared in anticipation of litigation. <u>Dunn v. State Farm Fire & Cas. Co.</u>, 927 F.2d 869, 875 (5th Cir. 1991). This privilege is embodied in Federal Rule of Civil Procedure ("Rule") 26(b)(3) which states, "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . ." Rule 26(b)(4) provides that the scope of protection covering expert reports shields from discovery three categories of information: (1) draft reports and disclosures of testifying experts; (2) communications between testifying experts who are required to provide a report under Rule 26(a)(2)(B) and the party's attorneys; and (3) facts known or opinions held by a non-testifying expert.

The work product privilege additionally protects the work of

consulting experts. <u>Shields v. Sturm, Ruger & Co.</u>, 864 F.2d 379, 382 (5th Cir. 1989). In <u>Shields</u>, the court explained that, unlike the attorney-client relationship which exists to protect confidential communications, the work product privilege exists in order "to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent." <u>Id.</u> The court cautioned, however, that the "work product privilege is waived when the attorney . . . discloses the information to the court voluntarily or makes no objection when it is offered." <u>Id.</u> (citing <u>Fox v. Taylor Diving & Salvage Co.</u>, 694 F.2d 1349, 1356 (5th Cir. 1983). In <u>Shields</u>, the court concluded that the work product privilege was not waived when a protected expert report was produced under compulsion by another court. <u>Id.</u>

In the present case, the court assumes, without deciding, that the expert report, which was prepared after the lawsuit was initiated at the direction of Baker & Hostetler, LLP, is attorney work product from a consulting expert. Dresser-Rand asserts that the joint prosecution privilege protects the expert report and cites 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure (3d ed.) § 2024 and <u>In re Visa Check/MasterMoney Antitrust Litigation</u>, 190 F.R.D. 309, 315 (E.D.N.Y. 2000), in support.

The joint prosecution privilege has been found to exist by a number of courts in the context of False Claims Act litigation.

<u>United States v. Medica-Rents Co.</u>, 4:00CV483, 4:01CV198 2002 WL 1483085 at *2 (N.D. Tex. June 21, 2002)(unpublished); <u>United States ex rel. Burroughs v. DeNardi Corp.</u>, 167 F.R.D. 680, 685 (S.D. Cal. 1996). In those cases, the courts inferred a common interest between a False Claims Act relator and the United States in prosecuting such claims.

In <u>In re Visa Check/MasterMoney Antitrust Litigation</u>, a number of retailers sued Visa and MasterCard alleging an unlawful tying arrangement that they claimed forced them to pay exorbitant rates when a consumer used a Visa or MasterCard debit card. 190 F.R.D. at 310. In the course of discovery, three million pages of documents were turned over by Visa and MasterCard to the retailers. The United States filed a separate lawsuit against Visa and MasterCard over their debit card practices. <u>Id.</u> at 311. The United States sought production of the three million pages of documents from Visa and MasterCard and also sought to access the retailers' analyses of those documents. <u>Id.</u> The retailers were not opposed to sharing their attorney work product with the government as long as it did not waive the privilege.

The government then moved to intervene in the retailers' lawsuit in order to gain access to the retailers' attorney work product. <u>Id.</u> at 312. The court allowed the intervention and modified the protective order to allow disclosure of privileged material to the government attorneys, reasoning that disclosure of

the materials would not waive the work product privilege because the government was not an adversary in the retailers' litigation and it was unlikely that the materials could be used against the retailers.  Id. at 314-15.  The court finds this case to be procedurally distinguishable as the government had instituted a parallel civil suit against Visa and MasterCard and moved to intervene in the retailers' suit, facts not present in the instant case.

Several courts have found that the voluntary production of work product material to another party waives the privilege.  For example in In re Application of Chevron Corporation v. 3TM Consulting, LLC, Misc. No. H-10-134, 2011 WL 13135155 at *3 (S.D. Tex. Jan. 10, 2011), the court acknowledged that the mere voluntary disclosure of an attorney's research, analyses or legal theories to a third party was not enough to waive the work product privilege. Id.  However, under the sword-shield doctrine, a privilege may be waived when the party possessing the privilege selectively presents certain materials to an adversary to prove a point.  Id.  Finding that portions of work product materials had been incorporated into an expert report, the court determined that the entirety of the privileged materials should be produced.  Id. at 4-5.

In Mir v. L-3 Communications Integrated Systems, L.P., 315 F.R.D. 460, 470 (N.D. Tex. 2016), the court determined that a voluntary disclosure of attorney work product information in

connection with a government investigation waives the privilege in later civil discovery. In <u>Bank of America, N.A. v. Terra Nova Ins. Co.</u>, 212 F.R.D. 166, 172 (S.D.N.Y. 2002), the court found a waiver of the work-product privilege and stated, "Disclosing information to governmental authorities in the hope that they will attack an adversary, however, cannot be said to be done 'in the pursuit of . . . trial preparation.'" <u>Id.</u> (quoting <u>United States v. Am. Tel. & Tel. Co.</u>, 642 F.2d 1285, 1299 (D.C. Cir. 1980)).

The First, Third and D.C. Circuits have found that production of privileged material to a government agency waives the privilege. <u>See</u> <u>United States v. Mass. Inst. Tech.</u>, 129 F.3d 681, 687 (1st Cir. 1997)(holding that MIT waived its privilege with respect to a government audit agency); <u>Westinghouse Elec. Corp. v. Republic of Philippines</u>, 951 F.2d 1414, 1424-27 (3rd Cir. 1991)(holding that voluntary disclosure of privileged documents to government during an investigation fully waived both attorney-client and work product privileges with respect to third parties in civil litigation); <u>Permian Corp. v. United States</u>, 665 F.2d 1214, 1221 (D.C. Cir. 1981)(party may not pick and choose which opponents may have access to its privileged material).

In the present case, there is no common interest between this civil suit and a criminal prosecution, as much as Dresser-Rand would have liked to have seen its former employees prosecuted. Dresser-Rand made a calculated disclosure to further the

government's inclination to prosecute the two former employees. In the context of a criminal prosecution, there is no joint prosecution privilege between Dresser-Rand and the United States.

Accordingly, the court finds that Dresser-Rand has waived any privilege that attached to the information voluntarily divulged to the government. It is **ORDERED** that all documents produced to the court for in camera inspection be turned over to the defense.

**SIGNED** at Houston, Texas, this 15th day of March, 2017.

_____

U.S. MAGISTRATE JUDGE