# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DRESSER-RAND COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:12-cv-00184 |
| SCHUTTE & KOERTING | § | |
| ACQUISITION COMPANY et. al, | § | |
| | § | |
| Defendants. | § | |

## S&K'S EMERGENCY MOTION TO PERMIT DEFENDANTS TO REVIEW DRESSER-RAND'S EXPERT REPORTS AND EXTENDING DEFENDANTS' EXPERT REPORT DEADLINES

Defendant Schutte & Koerting Acquisition Company ("S&K") files this Emergency Motion and moves this Court to issue an order permitting the individual defendants and Mike Pintozzi (S&K's President and Rule 30(b)(6) witness) to review Dresser-Rand Corporation's ("Dresser) expert reports and extending the deadline for S&K to file its expert reports to June 13, 2017, which is twenty-eight days from the date that all other discovery in this case is complete. S&K files this motion on an emergency basis because, under the local rules, S&K's responses to Dresser's expert reports are due before the deadline for this Court to rule on the motion.

### 1. ARGUMENT

On March 27, 2017, Dresser served four expert reports on S&K. As this Court acknowledged at the February 21, 2017 hearing, those reports are the

"crux" of this case and represent the first time that Dresser has attempted to identify the alleged trade secrets. That same day Dresser served its Response to S&K's Third Set of Requests for Production and failed to make a production of documents that S&K was expecting, which S&K needs to prepare its defense and to respond to Dresser's expert reports. Per the current scheduling order, S&K had just twenty-eight days to respond to Dresser's expert reports. Dkt. 91.

A. Dresser Improperly Precludes Defendants from Access to the Expert Reports

Dresser designated each of its expert reports as "Highly Confidential" under the Protective Order (Dkt. 30), in an attempt to preclude the individual defendants or Mr. Pintozzi, S&K's representative, from seeing the very information they are accused of misappropriating. Counsel for S&K immediately requested that Dresser permit the defendants to see the reports under Section 7(F)(c) of the Protective Order. Dresser refused (though not before delaying four days). Now, counsel is left in the impossible position of needing to respond to expert reports in less than twenty-two days without being able to tell S&K what damages are at stake, and why, or tell the individual defendants what they are alleged to have taken and why those materials are trade secrets. There is no good faith basis for Dresser's position, and the position is directly contradicted by the terms of the Protective Order.

First, each of the individuals is a party to this case (or party representative), has a right to attend all depositions (and in many instances have done so), and will be present at trial when the materials in the expert reports

will be presented. Indeed, via phone, counsel for Dresser conceded that the individuals will be able to see the materials later. Moreover, the vast majority of the information in the expert reports was already shown to the individual defendants when Dresser took their depositions. To put it another way, and to highlight the outrageousness of Dresser's position, Dresser accuses S&K and the individual defendants of stealing materials but tries to prevent both S&K and the individual defendants from knowing what materials they are supposed to have taken or how those materials form the basis for a misappropriation of trade secret claim.

Second, Dresser's position is particularly absurd as to the technical report because Dresser's technical expert admits that the individual defendants created all of the materials at issue. In other words, Dresser is refusing to let the individual defendants see the very materials that Dresser admits the individual defendants created.[1] The Protective Order states that "'Highly Confidential Information' *does not include* . . . documents already in the knowledge . . . of the party to whom the disclosure is made.'" Dkt. 30 at 2. Thus, per the plain terms of the Protective Order and the admission of Dresser's expert, the technical

---

[1] This too goes to highlight just how prejudicial Dresser's position is against S&K. How can S&K's expert refute claims about the design of the valves and alleged trade secrets if he cannot discuss those designs with the actual designer? And on what basis should the expert be precluded from talking to the designer when the designer has a right to see (and in most instances already has seen) all of this information anyway?

report cannot be Highly Confidential Information because all of the information in its was already in the knowledge of the individual defendants.

## B. Additional Time Is Needed to Prepare Rebuttal Reports

At the February 21, 2017 hearing, this Court recognized that because S&K was still unaware of what Dresser's trade secret allegations would be, S&K might need additional time to respond. Dkt. 103 at 39. On February 21, the Court did not know that Dresser would refuse to allow defendants to see its expert reports or to make a timely production of documents S&K needed for its defense. In light of these delays, S&K is now in need of the additional time this Court contemplated.

Specifically, S&K has suffered unwarranted prejudice by Dresser's complete failure to produce any documents that were owed to it on March 27, which severely limits S&K's ability to conduct discovery. In fact, Dresser has refused to produce broad categories of responsive and relevant documents that S&K needs to respond to the reports and prepare for depositions (documents such as those showing the value of the Gimpel business, Dresser's unsuccessful sales, any agreements Dresser had with customers to keep its information confidential, and whether Dresser used the "trade secrets" to design its valves following the departure of the individual defendants). The two sides are currently attempting to resolve the disputes as to S&K's Requests, but that will take time, which S&K does not have. To respond to Dresser's expert reports, S&K needs to review the documents that it expected to receive March 27 and

then must take depositions, including the deposition of Dresser's corporate representative as well as several additional witnesses said to have knowledge related to the complaint, whom Dresser just added to its disclosures on March 27.[2]

Because S&K would have had twenty-eight days to respond had Dresser made its production in a timely manner, S&K requests that this Court extend the deadline for S&K to file its expert reports to June 13— twenty-eight days after Dresser is required to have completed all productions and the parties to have completed all other discovery.[3] Such an extension is fair to both sides as it simply restores the status quo before this latest discovery dispute erupted.

## 2. CONCLUSION

S&K therefore respectfully requests that this Court immediately issue an order permitting the individual defendants and Mr. Pintozzi to review Dresser's expert reports and extending the deadline for S&K to file its expert reports to June 13, 2017. S&K does not believe a hearing is necessary, but S&K welcomes the opportunity to argue these points if that is the Court's preference.

---

[2] Likewise, for six years, S&K has requested financial information from Dresser, which was never produced. In connection with its expert reports, Dresser finally produced certain financial documents that had been provided to its expert (but which S&K has not previously seen). S&K needs time to review that information and determine whether it is complete.

[3] S&K recognizes that Dresser will have the right to depose S&K's expert witnesses once the reports are filed. S&K further recognizes that this order will necessitate that the summary judgment motion likewise be moved back twenty-eight days to July 10, 2017.

>Respectfully submitted,
>
>**ANDREWS KURTH LLP**
>
>   s/ Gregory L. Porter
>   Gregory L. Porter
>   State Bar No. 24002784
>   Federal I.D. No. 34185
>   Andrews Kurth Kenyon LLP
>   600 Travis, Suite 4200
>   Houston, Texas 77002
>   713-220-4621
>   713-220-4285 (Fax)
>   gregporter@andrewskurth.com
>
>ATTORNEY-IN-CHARGE FOR DEFENDANT SCHUTTE & KOERTING ACQUISITION COMPANY

Of Counsel:

**Eric G. Osborne**
State Bar No. 24088165
Federal ID No. 2109359
ericosborne@andrewskurth.com
**Joseph W. Golinkin II**
State Bar No. 24087596
Federal I.D. No. 2515657
jebgolinkin@andrewskurth.com
Andrews Kurth Kenyon LLP
600 Travis, Suite 4200
Houston, Texas 77002
713-220-4200
713-238-4285 (Fax)

**Daniel R. Utain**
Kaplin Stewart Meloff Reiter & Stein, P.C.
P.O. Box 3037
Blue Bell, Pennsylvania 19422
610-941-2582
610-684-2032 (Fax)
dutain@kaplaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2017. I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the following attorneys of record who are filing users of the Court's Electronic Filing System:

Kyle C. Reeb
Jonathan Pierce
Kerry McMahon
Jamie L. Godsey
Porter Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002

Counsel for Plaintiff
Dresser-Rand Company

David K. Anderson
Julie B. Cunningham
Anderson & Cunningham
1221 Lamar, Suite 1115
Houston, Texas 77010

Counsel for Defendants
Kanaksinh Ashar and Anthony Jardine

/s/ Joseph W. Golinkin II

# CERTIFICATE OF CONFERENCE

I hereby certify that, before the filing of Defendant Schutte & Koerting Acquisition Company's Emergency Motion to Permit Defendants to Review Dresser-Rand's Expert Reports and Extending Defendants' Expert Report Deadlines, I conferred with counsel for Plaintiff by telephone on a number of occasions regarding the issues addressed in the Motion. Based on the foregoing, Defendant certifies that it has made a reasonable effort to resolve this dispute without the necessity of Court intervention, and that effort has failed.

/s/ Eric G. Osborne

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DRESSER-RAND COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:12-cv-00184 |
| SCHUTTE & KOERTING | § | |
| ACQUISITION COMPANY et. al, | § | |
| | § | |
| Defendants. | § | |

**S&K'S EMERGENCY MOTION TO PERMIT DEFENDANTS TO REVIEW DRESSER-RAND'S EXPERT REPORTS AND EXTENDING DEFENDANTS' EXPERT REPORT DEADLINES**

The Court, after considering Defendant Schutte & Koerting Acquisition Company's Emergency Motion to Permit Defendants to Review Dresser-Rand's Expert Reports and Extending Defendants' Expert Report Deadlines, is of the opinion that it should be granted; it is, therefore

ORDERED that Defendant Schutte & Koerting Acquisition Company's Emergency Motion to Permit Defendants to Review Dresser-Rand's Expert Reports and Extending Defendants' Expert Report Deadlines is granted. The individual defendants and Mr. Pintozzi shall be permitted to review Dresser's expert reports and the deadline for S&K to file its expert reports is extended to June 13, 2017. The summary judgment deadline is extended to July 10, 2017. Dresser will have the right to depose S&K's expert witnesses following provision of S&K's expert reports.

SIGNED this _____ day of _____, 2017.

_____
The Honorable Nancy K. Johnson
United States District Judge