UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DRESSER-RAND COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-184 |
| | § | |
| SCHUTTE & KOERTING, | § | |
| ACQUISITION COMPANY, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff Dresser-Rand Company's ("Dresser-Rand") objection to the Magistrate Judge's order (Dkt. 110) granting the defendants' motion to permit the defendants to review Dresser-Rand's expert reports (Dkt. 107). Dkt. 113. Having considered the order, hearing transcript, objection, motion, responses, and the applicable law, the court finds that Dresser-Rand's objection should be OVERRULED.

**I. BACKGROUND**

Dresser-Rand is suing the corporate defendants Schutte & Koerting Acquisition Company, Schutte & Koerting, LLC, Schutte & Koerting, Inc. (collectively "S&K"), and defendants Kanaksinh Ashar, Anthony Jardine, and Robert Maxwell (collectively "individual defendants") for trade secret misappropriation and related causes of action. Dkt. 53. In 2012, the individual defendants left Dresser-Rand to work for S&K. Dkt. 113 at 4. Dresser-Rand accuses the defendants of misappropriating its trade secrets associated with safety valves for steam turbines. Dkt. 113 at 4. On April 18, 2012, the court entered a protective order governing discovery ("Protective Order"). Dkt. 30. One provision of the Protective Order limits the defendants' access to any Dresser-Rand

information marked as "highly confidential" to only the parties' attorneys, experts, and supporting personnel. *Id*. at 6.

On March 27, 2017, Dresser-Rand produced four expert reports. Dkt. 107 at 1–2; Dkt. 113 at 11. Three of the reports describe the trade secrets at issue in the case, and the fourth report describes basis for the calculation of the damage claim using Dresser-Rand's sensitive financial data. *Id*. Dresser-Rand marked these four reports "highly confidential." Dkt. 107 at 2. On April 3, 2017, the defendants filed a motion to allow the individual defendants and the S&K corporate representative to review the four reports. *Id*.

This case was referred to Magistrate Judge Nancy Johnson for full pre-trial management. Dkt. 96. On April 10, 2017, the Magistrate Judge held a discovery hearing on the motion. Dkt. 115. The Magistrate Judge issued an order granting the defendants' motion. Dkt. 110. However, the order requires that any review be performed with attorneys present and it prohibits the release of the expert reports into the personal possession of the individual defendants or S&K's corporate representative. *Id*. Dresser-Rand notified the Magistrate Judge of its intent to object to her order, and the Magistrate Judge stayed her order pending the district court's review of the objection. Dkt. 110.

Dresser-Rand timely objected to the order. Dkt. 113. The individual defendants and S&K responded. Dkts. 117; 118.

## II. LEGAL STANDARD

A party may file objections with the district court after receiving an unfavorable discovery ruling from a Magistrate Judge. Fed. R. Civ. P. 72(a). However, because a pre-trial discovery matter is non-dispositive, the court may sustain the objection only to the extent that the Magistrate Judge's ruling is "clearly erroneous or is contrary to law." *Id*.; 28 U.S.C. § 636(b)(1)(A).

## III. ANALYSIS

Dresser-Rand makes four arguments for reversing the Magistrate Judge's decision: (1) disclosure of the expert reports is a violation of the Protective Order, (2) disclosure of the expert reports is not fair because it "rewards" a direct competitor with additional confidential information from the plaintiffs, (3) the Magistrate Judge's order will increase the number of discovery disputes, and (4) Dresser-Rand has proffered a compromise on the expert reports. Dkt. 113. The court will address these arguments in turn.

First, Dresser-Rand argues that disclosure of these expert reports violates the Protective Order. *Id*. at 9–14. Specifically, Dresser-Rand argues that release of these reports violates the provision which allows only the attorneys, defense experts, and their staff to view any document marked "highly confidential." *Id*. at 10. S&K counters that the documents are improperly categorized as "highly confidential" because that category should not include information already in the knowledge of the defendants. Dkt. 118 at 4 (citing Dkt. 30 at § 2.C). Because the individual defendants developed the design of the valve, and three of the expert reports contain that technical information, S&K argues that the information in the reports is already in the defendants' knowledge. *Id*. The court finds that neither argument is dispositive. The Protective Order allows a party to petition the court for relief from any term or condition of the Protective Order for good cause. Dkt. 30 at 9. Because the defendants' motion is allowed under the terms of the Protective Order, the court concludes that the Magistrate Judge did not commit any clear error of law by ruling on the motion.

Second, at the heart of its objection to the Magistrate Judge's order, Dresser-Rand argues that it is unfair that it has to turn over its trade secret and the financial basis for its damages demand to its competitor. Dkt. 113 at 14–16. In making a discovery determination, the court balances the need

for disclosure through discovery against protecting parties from an undue burden or injury that might occur with disclosure. Fed. R. Civ. P. 26(c); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

Generally, discovery is a procedural matter governed by the Federal Rules of Civil Procedure, not state discovery practices. 8 Wright and Miller, Federal Practice and Procedure § 2005 (Supp. 2000); *see also Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). However, Dresser-Rand cites to a Texas Supreme Court case which held that a trial court abused its discretion by failing to perform a balancing test and instead summarily allowed a defendant to be exposed to a plaintiff's trade secrets merely because he was being sued. Dkt. 113 (citing *In re M-I L.L.C.*, 505 S.W.3d 569, 576 (Tex. 2016)). The Texas Supreme Court held that the due process right to have a defendant present at trial is "not absolute" and must be balanced against the competitive harm associated with the dissemination of the plaintiff's trade secrets. *In re M-I L.L.C.*, 505 S.W.3d at 576.

However, the Magistrate Judge's decision is not in conflict with the holding of *In re M-I*. For instance, the Texas Supreme Court noted the balancing test should consider whether the defendants have specialized expertise to assist in reviewing the plaintiff's case. *Id*. The defendants cited this very factor as a reason why they should be granted access to the expert reports—the individual defendants' knowledge of the industry make them uniquely qualified to understand the contents of the reports. Dkt. 115 at 20; Dkt. 118 at 2. Likewise, in *In re M-I*, the Texas Supreme Court noted that the defendant had never seen the trade secret before the injunction hearing. 505 S.W.3d at 576. Here, the individual defendants have detailed knowledge of the trade secrets discussed in the expert reports, and stand accused of misappropriating them for S&K's use. Dkt. 115 at 4–5.

Furthermore, the court finds that the Magistrate Judge properly considered the potential injury associated with disclosure while weighing it against the due process rights of the parties to the lawsuit to assist in presenting their own defense. Dkt. 115 at 9–10; *see, e.g.*, Dkt. 118 at 2 (describing how the individual defendants can use the information in preparing for their defense). On one hand, the Magistrate Judge opined that these four expert reports are directly relevant to proving the required elements of Dresser-Rand's misappropriation claim—what the trade secrets are and how much Dresser-Rand was damaged are both evidence for trial to which due process demands that the parties' have access. Dkt. 115 at 11.

On the other hand, in considering the potential harms of releasing the information, again opining on the relevance of the material in the report, the Magistrate Judge observed that the material in these reports will be presented at trial. *Id*. at 7 (confirming that Dresser-Rand intends on going to trial and presenting the evidence in these four reports to the jury). Because the information in the expert reports will eventually be released at trial, the Magistrate Judge concluded, Dresser-Rand will eventually be exposed to injury stemming from their release to the defendants. *Id*. The court agrees with the Magistrate Judge that any additional injury associated with releasing information during discovery, when it will be released during trial, is minimal.[1]

In addressing this argument, Dresser-Rand counters that viewing a document during discovery and at trial are "very different" because of the fleeting nature of a presentation at trial. Dkt. 113 at 19. One of the purposes of discovery is "avoiding the use of concealment and surprise as trial tactics, making a trial 'less a game of blind man's b[l]uff and more a fair contest.'" *Caskey*

---

[1] Dresser-Rand argues that the court could close the entire proceeding so that its case would be presented to the jury without the individual defendants or an S&K corporate representative present in the court room. Dkt. 113 at 6; Dkt. 115 at 15. However, the court finds no compelling reason at this time to entertain such an extreme request.

*v. Man Roland, Inc.*, 83 F.3d 418 (5th Cir. 1996) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986 (1958)). Making information available at trial, but not during discovery, directly frustrates the purpose of discovery in promoting fair litigation.

Therefore, the Magistrate Judge properly exercised her discretion in concluding that the individual defendants' and S&K's due process rights to prepare for trial outweigh the risk of harm of disclosing the information in the expert reports to them. The court finds no part of the Magistrate Judge's reasoning in reaching this conclusion is erroneous or contrary to law.

Third, Dresser-Rand argues that somehow granting the defendants' motion to view these four expert reports is tantamount to declaring the Protective Order "exceedingly ambiguous," which will require "case-by-case" interpretations for future discovery requests. Dkt. 113 at 25. Because of this, Dresser-Rand implies that the inevitable outcome of the Magistrate Judge's order is an open door to increased motion practice, delays, and expensive litigation. *Id.* The court expects the parties to continue to adhere to the Protective Order and to be reasonable and professional in working out their discovery disputes with each other. This argument is not relevant to the decision to grant the defendants' discovery request.

Fourth, Dresser-Rand argues that it proffered a meaningful compromise by offering to provide redacted expert reports. Dkt. 113 at 26. As the court has already observed, the Magistrate Judge, in her order, has limited the amount of access the individual defendants and the S&K corporate representative will have to the expert reports.[2] Dkts. 110, 115 at 10. Recognizing the potential harm associated with the release of this information, the Magistrate Judge has appropriately

---

[2] Dresser-Rand makes multiple mostly conclusory allegations regarding the trustworthiness of the defendants. *See, e.g.*, Dkt. 113 at 15–16; Dkt. 115 at 7. The defendants dispute these allegations. Dkt. 117 at 2. The court finds that the protections in the Magistrate Judge's order are sufficient to mitigate any concerns.

limited access to the expert reports by prohibiting their release to the personal possession of the individual defendants and the S&K corporate representative and only allowing their review under the supervision of an attorney. Dkts. 110; 115 at 10. *But see* Dkt. 113 at 19 (arguing that this order puts "virtually no limitation" on the defendants' studying of the expert reports). The Magistrate Judge's compromise solution is not erroneous or contrary to law.

## IV. Conclusion

Dresser-Rand failed to establish that the Magistrate Judge's order was "clearly erroneous or is contrary to law." Fed. R. Civ. P . 72(a). Therefore, the court OVERRULES Dresser-Rand's objection, and ADOPTS IN FULL the Magistrate Judge's order.

Signed at Houston, Texas on May 2, 2017.

_____
Gray H. Miller
United States District Judge