**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DRESSER-RAND COMPANY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-184 |
| | § | |
| SCHUTTE & KOERTING ACQUISITION | § | |
| COMPANY, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson and a motion to strike filed by plaintiff Dresser-Rand Company ("Dresser-Rand"). Dkts. 192, 198, 199. Judge Johnson considered Dresser-Rand's motion for civil contempt and to expand the preliminary injunction (Dkt. 159). Dkt. 192. Defendant Schutte & Koerting Acquisition Company ("S&K") timely objected ("initial objections") to the M&R. Dkt. 195. Dresser-Rand responded to the initial objections. Dkt. 196. S&K replied to that response and asserted more objections ("additional objections"). Dkt. 197. Dresser-Rand moved to strike the additional objections. Dkts. 198, 199. Having considered the M&R, motions, objections, other relevant documents in the record, and applicable law, the court is of the opinion that S&K's initial objections should be OVERRULED, the M&R should be ADOPTED IN FULL, and Dresser-Rand's motion to strike should be DENIED AS MOOT.

### A. Initial Objections to the M&R

In its initial objections, S&K narrowed the issues before the court to "(1) whether the Recommendation's expanded injunction is proper and, if so, whether it should apply retroactively

to an [oil-operated trip throttle valve ("OOTTV")] order already in manufacturing and (2) whether the Court should award attorney's fees." Dkt. 195 at 3.

Regarding S&K's first objection, the court finds the expanded injunction proper. The injunction originally stated: "It is further ORDERED that the S&K defendants cease using any materials copied from the Dresser-Rand brochure on the Gimpel OOTTV in the brochure for the S&K defendants' OOTTV." Dkt. 9 at 2. Judge Johnson recommends adding the following: "S&K is prohibited from the use or dissemination of any S&K document that was prepared from a Gimpel (or Dresser-Rand) document. S&K must prepare, from whole cloth, its own brochures, test procedures, pressure-drop calculations, spreadsheets and any other document that it prepared by copying, in whole or part, a Gimpel (or Dresser-Rand) document." Dkt. 192 at 10.

S&K did not comply with the court's original injunction. *Id.* at 9. Accordingly, Judge Johnson expanded the injunction to enforce S&K's compliance. *See Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 400 (5th Cir. 1987) ("Civil contempt can serve two different purposes. On one hand, civil contempt is used to enforce, through coerciveness, compliance with a court's order."). As the M&R explains, under the expanded injunction, "S&K must make the effort it should have made in 2011 to create its own documents and not take shortcuts by using Gimpel or Dresser-Rand documents." Dkt. 192 at 10. Thus, the expansion was proper.

Next, S&K asks the court whether it can complete the sale of one OOTTV "for which the design has been completed and the final manufacturing stages are being fulfilled." Dkt. 195 at 4. If completing the sale will require "the use or dissemination of any S&K document that was prepared from a Gimpel (or Dresser-Rand) document," then S&K is prohibited from doing so. *See* Dkt. 192

at 10. S&K must comply with the injunction. To the extent that S&K seeks permission to violate the injunction, the court unequivocally denies that request.[1]

S&K also objects that Dresser-Rand has not justified the award of attorneys' fees it seeks. Dkt. 195 at 4. However, S&K's objection is premature. Judge Johnson did not determine the amount of attorneys' fees awarded. Indeed, the M&R states that "[t]he court will set a hearing to consider the amount of reasonable attorney's fees to be assessed if this recommendation is adopted." Dkt. 192 at 10. S&K's objection should be raised at that hearing. Accordingly, the objection is OVERRULED.

## B.     Motion to Strike

S&K raises additional objections in its reply.[2] Dkt. 197. S&K asserts that it complied with the court's original injunction order and that the court must provide a show cause hearing to hold it in contempt. *Id.* Dresser-Rand moves to strike the additional objections as untimely. Dkt. 199. S&K needed to object "within 14 days after being served with a copy" of the M&R. Fed. R. Civ. P. 72; Dkt. 192 at 10–11. Judge Johnson issued the M&R on May 11, 2018. Dkt. 192. S&K filed

---

[1]Moreover, that issue is not yet ripe. "A case or controversy must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). Ripeness requires an "actual controversy," meaning "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Id.* (citations omitted). S&K asks the court to decide a speculative issue—if it will violate the injunction by completing the sale. Dkt. 195 at 4. The court cannot render an advisory opinion. *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S. Ct. 956 (1969).

[2]To the extent that S&K argues that its initial objections assert that it complied with the injunction, the court disagrees. S&K expressly limited the issues in its initial objections to "(1) whether the Recommendation's expanded injunction is proper and, if so, whether it should apply retroactively to an OOTTV order already in manufacturing and (2) whether the Court should award attorney's fees." Dkt. 195 at 3. Those issues do not involve whether S&K complied with the injunction.

its additional objections on June 13, 2018, well beyond its fourteen-day deadline. Dkt. 197. For that reason alone, Dresser-Rand's motion to strike should be granted.

However, even if the court considers the additional objections, they are OVERRULED. First, S&K argues it is entitled to a hearing because magistrate judges cannot decide contempt motions. Dkt. 197 at 1. Under 28 U.S.C. § 636(e), when a party has committed any act of civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). Thus, a magistrate judge "*may*" require a person in contempt to appear before a district judge. *Id.* (emphasis added).

Moreover, the Fifth Circuit has held that "we assume that the district court's review and overruling of [the plaintiff's] detailed objection is sufficient to satisfy any Article III concerns with the contempt authority of [Magistrate Judges]." *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 174 n.3 (5th Cir. 2018). In *Deutsch*, the district court overruled the plaintiff's objection to the magistrate judge's contempt order in an order and without a hearing. *Id.* at 174. The Fifth Circuit affirmed the district court. *Id.* at 176. Judge Johnson already held a hearing on this matter, and the court has reviewed that hearing in making its ruling. Dkt. 193. Thus, the court finds another hearing unnecessary.

Second, the court agrees with Judge Johnson that S&K violated the court's injunction and should be held in contempt for doing so. Dkt. 192 at 9. The parties disagree about the applicable standard of review. Other courts in this district have reviewed similar violations de novo. *Young*

*Again Prods., Inc. v. Acord*, No. H–09–0282, 2014 WL 1600613, at *1 (S.D. Tex. Apr. 21, 2014) (Rosenthal, J.). Under a de novo review, the court agrees with Judge Johnson that Dresser-Rand met its burden to establish by clear and convincing evidence that: (1) "a court order was in effect"; (2) "the order required certain conduct by" S&K; and (3) S&K "failed to comply with the court's order." *Martin v. Trinity Indus, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Thus, S&K's objection is OVERRULED.

## C. Conclusion

S&K's initial objections (Dkt. 195) are OVERRULED. Though the court could grant Dresser-Rand's motion to strike (Dkts. 198, 199), the court DENIES that motion as moot because the court OVERRULES S&K's additional objections. Accordingly, the M&R is ADOPTED IN FULL. Dresser-Rand's motion for civil contempt and to expand the preliminary injunction (Dkt. 159) is GRANTED IN PART. Thus, the parties must appear before Judge Johnson for a hearing to determine the amount of reasonable attorneys' fees to be assessed. The court's preliminary injunction is expanded as follows: S&K is prohibited from the use or dissemination of any S&K document that was prepared from a Gimpel (or Dresser-Rand) document. S&K must prepare, from whole cloth, its own brochures, test procedures, pressure-drop calculations, spreadsheets and any other document that it prepared by copying, in whole or part, a Gimpel (or Dresser-Rand) document.

Signed at Houston, Texas on July 3, 2018.

Gray H. Miller
United States District Judge